OGILVIE, CLAUDE, Associate Judge.
This is a suit for Declaratory Decree under a five-year written lease, pertaining to a bar in Palm Beach, relative to tenant’s exercise of option for additional five-year renewal term, particularly concerning question as to whether or not tenant performed condition precedent to exercise of said option; and counterclaim concerning alleged violation of terms of original five-year term lease and cancellation thereby. Both parties prayed for a Declaratory Decree. A pretrial conference order was entered and the Chancellor heard the matter on final hearing during which a two-month continuation was granted plaintiff-tenant after counterclaimant rested, for the purpose of offering plaintiff-tenant’s case on defendant-lessor’s counterclaim.
Final Decree was entered holding that plaintiff-tenant had duly exercised his option for a five-year term renewal, and denying defendant-lessor’s claims for damages and relief prayed for in counterclaim.
Complaint was filed in this matter on April 16, 1956; and answer and counterclaim were filed July 31, 1956; reply to counterclaim was filed August 3, 1956. On February 28, 1958, motion was made for leave to amend counterclaim. At the final hearing before the Courtj on Thursday, *434 March 20, 1958, objection was made to any issue being raised by said proposed amendment to counterclaim, at which time the Court ruled that the hearing would either be postponed to allow plaintiff who requested time to prepare for the defense to any issue raised by the counterclaim, or proceed with the hearing and allow a continuance of the hearing to the plaintiff for the preparation and presentation of any defense to said amendment to counterclaim. Later on, during the hearing, at the close of the counterclaimant’s case (except for a deposition that had not yet been received from out of state), counsel for defendant and counterclaimant objected to a two-month’s continuance granted by the Court to the plaintiff in order that he may present his defense to the issue raised by the counterclaim. And counsel for the defendant and counterclaimant argue strenuously in this case that the Chancellor erred in so doing. As to this assignment of error, we merely say that the Chancellor was well within his exercise of discretion in granting such continuance, and does not constitute any reversible error.
There remain two principal arguments made by counsel for defendant and counter-claimant in seeking the reversal of the Final Decree; namely: (a) That the plaintiff had breached the provisions and conditions of the written lease, which provided as follows :
“(1) That the lessee will operate a decent and well mannered bar in said premises * * *
******
“(3) The lessee covenants and agrees that he will not use or permit the premises to be used for any illegal or improper purpose, nor permit any disturbance, noise or annoyance whatsoever detrimental to the premises * * *y>
(b) That the lessee’s option to extend the lease for a further period of five years was not duly and properly exercised by him, and, therefore, has no further rights in the premises by virtue of the lease.
With respect to the argument (a) it appears from the record that no complaint was made whatsoever by the defendant-lessor concerning the conduct of the business or the use of the premises by the plaintiff-tenant, until plaintiff attempted to exercise his option for a renewal of the five-year term of the written lease — not even until the filing of the motion to amend the counterclaim on February 28, 1958, (the original lease ran from December 15, 1950, to September 30, 1956). The Chancellor found that plaintiff had not violated the terms of the lease in the respects complained of for the first time in her motion to amend counterclaim filed February 28, 1958; leave for the filing of which amendment was granted by the Court at the pretrial conference the day before the final hearing began, in March, 1958, (See Court’s observations with respect thereto, in Vol. 2, Transcript of Testimony, pages 128 and 129). The defendant failed to show by the record and transcript that the Chancellor’s finding in this respect was error.
In this suit for Declaratory Decree the plaintiff prayed that Paragraph 12 of the Lease be construed; the pertinent language of said paragraph being as follows:
“(12). In the event the Lessee complied with all of the terms and conditions of this Lease, the Lessor hereby grants to the Lessee an option to extend this Lease for the further period of five years upon the same terms and conditions of this Lease, with the exception that the annual payments for rent shall be $1500.00, etc. * * * provided, however, that the Lessee shall give to the Lessor, written notice of his intention to extend the terms of this Lease for a further period on or before June 1, 1955, and provided, that in the event the Lessor receives an offer from any person, firm or corpora *435 tion for the operation of both the bar and the dining room, then this option shall fail and shall be null and void, hut in the event the Lessor does have an offer for the operation of both the bar and dining room in said Palm Beach Plaza Hotel from any other person, firm or corporation, then and in that event the Lessee shall have the first option to take over the operation of said bar and dining room the price and upon the terms as offered by said party * *
The answer filed by the defendant Lessor on July 31, 1956, did not attack the sufficiency of the complaint, and sought by counterclaim an adjudication of the rights of the tenant, praying for a termination of the Lease as of September 30, 1956, on the second proviso of the Lease as above quoted — that the plaintiff did not meet the offer for the operation of both the bar and dining room for the second five-year term as claimed to have been made by a third party, one Chester DeVoe. As a matter of fact the complaint itself as originally filed alleged his attempted renewal of the five-year term by letter dated May 17, 1955; and in the 4th paragraph of the complaint, the plaintiff set up the letter allegedly delivered to him on or about May 19, 1955, by the defendant, filed by him in evidence as his Exhibit No. 3, Transcript Vol. 1, page 99, advising that she had been offered an annual rental of $8,-000.00 for the ensuing five years from said DeVoe for the bar and dining room, and putting him on notice that if he did not meet such offer immediately that plaintiff’s option renewal will thereupon become null and void. So the complaint itself substantially plead the very controversy between the landlord and tenant; and the defendant’s answer to the complaint, filed July 31, 1956, joined issue on this controversy. Therefore, the Chancellor was correct in denying appellant’s motion to dismiss made at the close of appellee’s case, and again at the close of appellant’s case on the plaintiff’s failure to plead or prove a condition precedent to his exercise of option. And going from there the Chancellor heard and received all of the testimony and proofs on the issue, saw and heard all of .the witnesses, and found as a matter of fact that the defendant Bollet attempted to prove a sham offer from Chester DeVoe of $8,000.00 per annum, and sought to have plaintiff’s exercise of option declared null and void thereby. Whether DeVoe made a bona fide offer to rent the bar and dining room for $8,000.00 per annum for the ensuing five years, was a question of fact; and after reading and considering all of the testimony on this point in the record, we can’t say that the Chancellor was in error by the entry of the Final Decree declaring that such offer was a sham. The testimony of the defendant Bollet and her witness Chester DeVoe was very interestingly contradictory, going to the credibility of each.
After reading and considering all of the pleadings and record of testimony and proofs in the matter, the Final Decree appealed from is affirmed.
ALLEN, Acting Chief Judge, and SHANNON, J., concur.